IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY SPODEN, #Y15676, )
*also known as* NINA SPODEN, )
 )
               **Plaintiff,** )
 )
vs. ) Case No. 18-cv-1401-SMY
 )
NIGEL PHELPS, )
C/O BRISBEE, )
KASEY PRESCOTT, and )
NURSE JANET, )
               **Defendants.** )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Anthony Spoden,[1] is currently incarcerated at Shawnee Correctional Center ("Shawnee"). She originally brought this civil rights action on April 13, 2018, filed as *Spoden v. Dennison*, Case No. 18-cv-949-NJR. After screening the Complaint, the Court severed a number of Plaintiff's claims from the original case into separate actions ("Severance Order"). (Doc. 1). The instant case contains Counts 5, 6, 7, 15, 16, 17, 18, and 19, which were described as follows:

    **Count 5 -**     First Amendment claim against Defendant Phelps for denying Plaintiff the right to express her gender by wearing makeup on or around September 17, 2017.

    **Count 6 -**     First Amendment retaliation claim against Defendant Phelps for issuing Plaintiff a disciplinary ticket on or around September 17, 2017, for an undisclosed reason or rule violation.

    **Count 7 -**     Fourteenth Amendment claim against Defendant Phelps for depriving Plaintiff of a protected liberty interest without due process of law by punishing her with a week of segregation and a month of B-grade status and a commissary restriction in

---

[1] Plaintiff's legal name is Anthony Spoden. However, Plaintiff is a transgender inmate who prefers to be called Nina Cole. (Doc. 1, pp. 2, 13). Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff.

1

> connection with the disciplinary ticket issued on or around September 17, 2017.

**Count 15 -** Eighth Amendment claim against Defendant Phelps for using excessive force against Plaintiff on or around January 13, 2018.

**Count 16 -** Illinois state law claims for assault and battery against Defendant Phelps for using excessive force against Plaintiff on or around January 13, 2018.

**Count 17 -** Eighth Amendment claim against Defendants Prescott and Brisbee for failing to intervene and protect Plaintiff from Phelps on or around January 13, 2018.

**Count 18 -** Eighth Amendment claim against Defendant Janet for failing to document or treat the injuries Plaintiff sustained on or around January 13, 2018, in a conspiracy to cover up Phelps' misconduct.

**Count 19 –** First and/or Fourteenth Amendment claim against Defendants Phelps, Prescott, and Brisbee for issuing Plaintiff a false disciplinary ticket on January 13, 2018.

Plaintiff's claims are now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.

## **Analysis**

The relevant allegations were detailed in the Severance Order, and are incorporated herein by reference. The Court will discuss specific allegations as necessary in analyzing Plaintiff's claims below.

**Count 5**

"[A] prison inmate retains only the First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Thus, a restriction on a prisoner's First Amendment rights will be upheld if it is "reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) citing *Turner v. Safely*, 482 U.S. 78, 89 (1987).

Here, Plaintiff's First Amendment claim relates to wearing makeup; conduct that, according to Plaintiff, expresses her gender identity. (Doc. 2, pp. 6-8, 35-37). The Supreme Court has protected conduct as speech in two circumstances: "[(1)] [a]n intent to convey a particularized message was present, and [(2)] in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." *Spence v. Washington*, 418 U.S. 405, 410-11 (1974) (per curiam). More recent cases have characterized this as an inquiry into whether the conduct at issue was "inherently expressive." *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc*. (FAIR), 547 U.S. 47, 64 (2006).

At this juncture, the Court cannot determine whether Plaintiff's choice to wear makeup is "inherently expressive," warranting protection under the First Amendment. Further, if such conduct is protected, a more fully developed record is necessary before the Court can assess whether Lieutenant Phelps' conduct impermissibly suppressed Plaintiff's First Amendment right to free speech. Accordingly, Count 5 shall receive further review.

**Count 6**

The Complaint suggests that Lieutenant Phelps issued an unsubstantiated disciplinary ticket in retaliation for Plaintiff expressing her gender identity by wearing makeup. (Doc. 2, pp. 6-8). If the disciplinary ticket was issued in retaliation for the exercise of a constitutionally

protected right, then Phelps' conduct is actionable under § 1983. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). As previously noted, it is unclear at this point whether Plaintiff's wearing of makeup warrants First Amendment protection. Accordingly, Count 6 cannot be dismissed at this time and shall receive further review.

## Count 7

Plaintiff also claims that Lieutenant Phelps subjected her to punishment without due process. (Doc. 2, pp. 6-7). But the punishments Plaintiff describes (seven days in segregation[2] and loss of privileges) do not trigger due process concerns. *See Zinermon v. Burch,* 494 U.S. 113, 125 (1990) (to prevail on a claim of a violation of the right to due process, a prisoner must show that he or she possesses a protected liberty or property interest and has been deprived of that interest without due process); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (short confinement in segregation, by itself, is not an atypical or significant deprivation in relation to the ordinary incidents of prison life); *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Accordingly, Count 7 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Counts 15 and 16

Plaintiff alleges that on January 13, 2018, Lieutenant Phelps slammed her cell door "with force" in her face, causing further injury to her jaw (which had recently been fractured) and tearing stitches in her mouth. (Doc. 2, pp. 14-18). These allegations are sufficient to survive screening, and Count 15 shall receive further review. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). The same allegations support a claim for assault and/or battery under

---

[2] Plaintiff does not describe being subject to an atypical and significant hardship during her brief stay in segregation.

Illinois state law. *See Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001). Accordingly, Count 16 also survives screening.

**Count 17**

Plaintiff alleges that officers Prescott and Brisbee were present during the alleged excessive force incident on January 13, 2018, but failed to intervene to stop the assault. (Doc. 2, pp. 15-17). These allegations are sufficient to survive screening, and Count 17 shall receive further review. *See Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

**Count 18**

Plaintiff asserts that, after the alleged excessive force incident on January 13, 2018, she met with Nurse Janet in the HCU. (Doc. 2, pp. 16-17). She alleges that Nurse Janet "attempted to cover up the excessive force" by failing to document her injuries. These minimal allegations do not suggest that Nurse Janet failed to treat Plaintiff's injuries or was otherwise deliberately indifferent to the same. *See Farmer v. Brennan*, 511 U.S. 825 (1994). They also fall short of stating a related claim for conspiracy. *See Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013) (to plead a § 1983 conspiracy claim, the plaintiff must allege that a state official and a private individual reached an understanding to deprive the plaintiff of his or her constitutional rights, and that those individuals were willful participants in the unlawful activity with the state actor); *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) (vague and conclusory allegations are insufficient). As such, Count 18 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 19**

According to the Complaint, after the alleged excessive force incident on January 13, 2018, Lieutenant Phelps issued an unsubstantiated disciplinary report against Plaintiff. (Doc. 1,

p. 17). Plaintiff also claims that Officers Prescott and Brisbee signed as witnesses to the unsubstantiated report. *Id.* The Complaint allegations suggests that the disciplinary report was issued in retaliation for prior grievances and/or for Plaintiff's threat to sue Lieutenant Phelps. (Doc. 2, pp. 6-9, 16-17), and are sufficient to allow Plaintiff to proceed on a First Amendment retaliation claim as to Phelps, Prescott, and Brisbee. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Harris v. Walls*, 604 F.App'x. 518, 521 (7th Cir. 2015).

However, to the extent Plaintiff is attempting to pursue a Fourteenth Amendment due process claim based on the same conduct, the claim is subject to dismissal without prejudice. An extreme "frame-up," where no subsequent procedural fairness could uncover the truth, may constitute a substantive due process violation triggering the due process protections prescribed in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006). *See also Black v. Lane*, 22 F.3d 1395, 1402-03 (7th Cir. 1994) ("Issuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right."). However, in order for the actions of a prison official to interfere with a plaintiff's substantive due process rights, "the consequences [must be] sufficiently severe." *Lagerstrom*, 463 F.3d at 625. Here, Plaintiff provides no information pertaining to the associated punishment.

## Motion for Recruitment of Counsel (Doc. 4)

Plaintiff has filed a Motion for Recruitment of Counsel, which is hereby **DENIED**. The district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on her own. *Navejar v.*

*Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Pruitt*, 503 F.3d at 655.

As to the first question, Plaintiff did not provide sufficient information for the Court to determine if she has made a reasonable effort to obtain counsel on her own (she merely indicates that she has written several attorneys). As to the second question, Plaintiff indicates that, although she has some college education, the case involves complex legal and medical issues. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. The First and Eighth Amendment claims remaining in this case are not overly complex. Moreover, Plaintiff has some college education, and her pleadings indicate that she can read and write in English effectively. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, she may refile her motion.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 5, 6, 15,** and **16** shall proceed as to **PHELPS.**

**IT IS FURTHER ORDERED** that **COUNT 17** shall proceed as to **PHELPS, BRISBEE,** and **PRESCOTT.**

**IT IS FURTHER ORDERED** that **COUNT 19** shall proceed as to **PHELPS, BRISBEE,** and **PRESCOTT** in the context of a First Amendment retaliation claim. However,

to the extent that Plaintiff intended to pursue a Fourteenth Amendment due process claim, the claim is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 7** and **18** are **DISMMISSED** without prejudice.

The Court **DIRECTS** the Clerk of the Court to terminate **JANET** as a party in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that, with respect to **COUNTS 5, 6, 15, 16, 17,** and **19** (First Amendment claim only), the Clerk of Court shall prepare for **PHELPS, PRESCOTT,** and **BRISBEE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), a copy of the Severance Order (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that her application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 20, 2018**

s/ STACI M. YANDLE<br>**U.S. District Judge**